IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARL R. BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Cause No. 4:13 CV 2204 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on the motion of Petitioner Carl R. Brown ("Brown") to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. In his motion, Brown alleges that he did not receive his Sixth Amendment right to effective assistance of counsel and that he did not make his plea intelligently and voluntarily. For the reasons below I find that all of Brown's claims are without merit. As a result, his motion will be denied.

**I.  BACKGROUND**

On February 23, 2012, a Grand Jury returned a six-defendant, five-count superseding indictment charging Brown with three counts. Count I charged Brown with Conspiracy to Distribute and Possess with Intent to Distribute Heroin in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). Counts III and IV charged Brown with Possession of a Firearm During a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). These charges resulted from a St. Louis FBI investigation of a heroin distribution organization operating in the St. Louis area.

Beginning in 2010, agents with the FBI used physical surveillance as well as court authorized wiretaps on various telephones belonging to Brown. During the investigation the FBI

discovered that Jonathan Barnett ("Barnett") supplied various amounts of heroin to Brown, who routinely re-sold the heroin to others. Agents also observed telephonically arranged meetings between Brown and Barnett at pre-arranged locations on April 6, April 8, and April 11, 2011.

On March 31, 2011, St. Louis Police responded to the residence of Brown's grandmother, at 3619 Cora. At the residence, police discovered and seized a Remington Model 577 Viper .22 caliber rifle and an M1 Carbine .30 caliber semi-automatic assault rifle from a covered garbage can in the backyard. Following this seizure, agents intercepted phone calls from Brown in which he complained that his guns were seized and requested help in obtaining replacements. Brown voluntarily agreed to speak with FBI agents and made incriminating statements, admitting that he purchased and distributed heroin. Brown also admitted he owned the weapons seized from 3619 Cora. Later, on April 19, 2011 and April 20, 2011, federal search warrants were served at Brown's residence and two of the locations he used for distributing narcotics. A .22 caliber revolver, drug paraphernalia, and ammunition were seized. The ammunition was believed to be used with the assault weapons seized from 3619 Cora. On December 13, 2011, the U.S. Marshals took Brown into federal custody.

The Federal Public Defenders Office represented Brown throughout these proceedings. On June 21, 2012, Brown, with the advice of counsel, chose not to proceed to trial and entered into a plea agreement. Pursuant to the agreement, Brown agreed to plead guilty to Counts I and III, and in exchange the United States Attorney agreed to dismiss Count IV at the time of sentencing. The agreement laid out the elements of the crime, and required Brown to acknowledge that a factual basis existed for each charge he pleaded guilty to:

> "As to **Count III**, the defendant admits to knowingly violating Title 18, United States Code, Sections 924(c)(1)(A) and admits there is a factual basis for the plea and further fully understands that the elements of the crime are: (1) the defendant admits the crime

charged in Count I; (2) and that during and in relation to the offense in Count I, the defendant did use or carry a firearm or in furtherance of that crime did possess a firearm."

At the plea hearing, Brown acknowledged that he was satisfied with the performance of his counsel, that she had answered all of his questions, and that he understood the terms of the plea agreement:

> "[Court]: Have you had enough time to discuss your case with your attorney?
> [Brown]: Yes, sir.
> [Court]: Are you satisfied with her representation of you in this case?
> [Brown]: Yes, sir.
> [Court]: Is there anything you think your attorney should have done but did not do in representing you?
> [Brown]: No, sir.
> . . .
> [Court]: Did you read this document before you signed it?
> [Brown]: Yes, I did.
> [Court]: Did you go over it with your attorney?
> [Brown]: Yes, sir.
> [Court]: Did she answer all your questions?
> [Brown]: Yes, sir.
> [Court]: Do you believe you understand what's in this document?
> [Brown]: Yes, sir.
> [Court]: Is everything in here true?
> [Brown]: Yes, sir."

Brown further acknowledged that he understood he should not plead guilty if he did not believe the United States Attorney could prove all of the elements of the crime:

> "[Court]: You understand that by pleading guilty you're waiving or giving up your right to a trial and the other rights associated with a trial?
> [Brown]: Yes, sir
> . . .
> [Court]: As to Count 3, the United States Attorney would had to have proved, first, that you admitted the crimes outlined as I just went through on Count 1; that during and in relation to the conduct, you used or carried a firearm in furtherance of the crime. You understand that?
> [Brown]: Yes, sir.
> [Court]: If you don't believe the United States Attorney could prove all of those things beyond a reasonable doubt, you should not plead guilty to Count 3. Do you understand that?
> [Brown]: Yes, sir."

On September 21, 2012, I sentenced Brown to 60 months on each count to run consecutively.

On October 31, 2013, Brown filed a notice of appeal. However, his plea agreement provided that the "parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea." Brown states that when he requested that his attorney file an appeal, she responded by stating that she could not file an appeal because he waived his right to appeal in the plea agreement. After receiving notice that Brown filed an appeal, his attorney advised him that this violation of the agreement could allow the government to charge him with Count IV. Informed that this could occur, potentially adding twenty-five years to his prison sentence if a jury found him guilty, Brown decided to dismiss his notice of appeal. After withdrawing that appeal, Brown filed a 28 U.S.C. § 2255 motion, alleging ineffective assistance of counsel.

## II.     GROUNDS FOR RELIEF

In his 28 U.S.C. § 2255 motion, Brown alleges that he received ineffective assistance of counsel as follows:

(1) Failing to follow Petitioner's instructions to appeal and, alternatively, coercing Petitioner to withdraw his notice of appeal.

(2) Failing to properly explain the nature and elements of Count III, which alleges a violation 18 U.S.C. § 924(c).

(3) Petitioner's plea of guilty to Count III was not made voluntarily or intelligently due to counsel's failure to explain the nature and the elements of the offense.

## III.    STANDARD FOR § 2255 RELIEF

A motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" United States v. Wilson, 997 F.2d 429, 431 (8th Cir.1993)

(quoting Davis v. United States, 417 U.S. 333, 343 (1974)).  Under § 2255, "a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007).  A defendant's plea agreement waiver of the right to seek this relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel.  United States v. Morrison, 171 F.3d 567, 568 (8th Cir. 1999).

## IV. ANALYSIS

### A. Ineffective Assistance of Counsel

Brown argues that his attorney failed to render the effective assistance of counsel guaranteed by the Sixth Amendment.  The defendant "faces a heavy burden" in establishing a claim for ineffective assistance of counsel under § 2255.  DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).  A defendant claiming ineffective assistance must show (1) that counsel's performance was deficient and (2) that the deficiency prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, to prove deficiency, the defendant must meet the high burden of showing that his counsel made such serious errors that she was "not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id.  When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  A court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  Id. at 670.  Second, to establish prejudice, the defendant must show there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. Id. at 699. Where the defendant raises multiple claims of ineffective assistance, each claim or error must be examined independently rather than collectively. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002). In other words, the defendant cannot "build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." Id. at 692 (citing Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996)).

  *a.*  *Brown's Counsel Was Not Ineffective for Failing to Notice an Appeal*[1]

Brown argues that he did not receive effective assistance of counsel as guaranteed by the Sixth Amendment because counsel failed to file a notice of appeal upon his request. A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Although ineffective assistance claims usually require the petitioner to show deficient performance and prejudice, an attorney's failure to file a notice of appeal after the client instructs her to do so automatically constitutes ineffective assistance of counsel. Barger v. United States, 204 F.3d 1180, 1181-82 (8th Cir. 2000). If there is no evidence in the record to contradict the defendant's assertions that he requested an appeal, the court should hold an evidentiary hearing. Watson, 493 F.3d at 964. If warranted, the appropriate remedy for this claim is to remand for re-sentencing to afford the petitioner an opportunity to take a timely direct appeal. Barger, 204 F.3d at 1182 (citing Estes v. United States, 883 F.2d 645, 649 (8th Cir. 1989)).

Brown contents that counsel's statements regarding the risks of an appeal and that the plea agreement barred an appeal constituted disregard of his instructions to file an appeal. In

---

[1] While Brown's stated ground for relief is that counsel failed to notice an appeal, his actual argument is that "counsel coerced [him] into withdrawing the direct appeal" by "advis[ing] [him] that [he] should withdraw the appeal, because [he] may 'go back to Court' and receive a 30 year prison term." In subsequent briefs submitted in this case, Brown mentions in passing that his counsel refused to file an appeal, so I also address this contention. However, the actual allegation that his attorney failed to file an appeal was not raised in a timely manner.

-6-

Brown's Petition, he does not actually allege that his attorney refused to file an appeal, nor does he show that he gave his attorney specific instructions to do so. His statements made in support of this contention consist of conclusory statements of legal standards and counsel's statements regarding the risks of filing an appeal that do not factually support an allegation of failure to file a notice an appeal. Rather, he actually alleges that his attorney coerced him to withdraw his appeal by advising him that he could potentially receive twenty-five additional years on his term of imprisonment if he appeals in violation of the plea agreement and is convicted of Count IV, thereby "putting a price on appeal." Counsel's statements merely informed Brown of the risks of an appeal. After learning of these risks, Brown decided voluntarily to withdraw his notice of appeal instead of risking an extra twenty-five or more years in prison. As Brown alleges no evidence other than this statement to support his allegation of coercion, I find this unpersuasive. See Voytik v. United States, 778 F.2d 1306, 1309-10 (8th Cir. 1985) ("vague allegations of [counsel's] impropriety and coercion" did not warrant evidentiary hearing).

Even if Brown did provide evidence supporting his claim of failure to notice an appeal, this claim would still be dismissed on procedural grounds. As noted above, the appropriate remedy this claim would afford Brown is the opportunity to file an appeal. See Barger, 204 F.3d at 1182. Brown already filed a notice of appeal and voluntarily withdrew it. As he already had the opportunity to appeal, I can grant him no other relief on this claim.

### b. *Brown's Counsel Was Not Ineffective for Failing to Properly Explain the Nature and Elements of Count III*

Brown next argues that counsel rendered ineffective assistance by allowing him to plead guilty to a non-existent crime, by failing to explain the nature and elements of Count III, and by not objecting when I paraphrased the statutory elements of a § 924(c) charge at the plea hearing. These contentions share similar elements, and I address each in turn. Brown's initial contention

that counsel allowed him to plead guilty to a nonexistent crime, or standard of participation for that crime, lacks support. Under 18 U.S.C. § 924(c)(1)(A), "any person who…in furtherance of [a drug trafficking crime], possesses a firearm" has committed an offense. The statute provides the basis for these elements, and the indictment in Brown's case explicitly lays them out.

Brown's contention that counsel rendered ineffective assistance by failing to explain the elements of the § 924 charge also lacks support. The indictment clearly states the requirement that the gun must be used in furtherance of a drug trafficking crime, and the plea agreement reiterated that Count III was based on a § 924(c)(1)(A) violation. During the plea hearing, Brown told me he read and understood the entirety of the plea agreement and that counsel answered all of his questions about it. He did not claim any confusion regarding the elements of this charge, to which he pleaded guilty. By Brown's own statements in entering the plea, he indicated that he read and understood the terms of the agreement, including the listed elements of Count III and the required nexus between the firearm and the drug trafficking crime. His representations before me carry great weight in reviewing counsel's performance. See Ingrassia v. Armontrout, 902 F.2d 1368, 1370 (8th Cir. 1990) (noting that where the petitioner pleads guilty while represented by counsel, the representations made at the plea hearing "carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings") (quoting Voytik, 778 F.2d at 1308). Additionally, Brown's counsel filed an affidavit affirming that she "advised Mr. Brown as to the elements of each count with which he was charged" and "explained what evidence the government would present in an attempt to meet the statutory evidence." These representations by counsel further contradict Brown's assertions. See Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) ("Where a defendant is represented by competent

counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty.").

The record is replete with expressions of Brown's knowledge and understanding of the elements of Count III which are in direct contradiction to his claim that counsel failed to properly explain the required nexus between the drug trafficking crime and possession of the firearm. See Ingrassia, 902 F.2d at 1370 (Later allegations which are "merely bare assertions which contradict [petitioner's] testimony at the plea hearing" do not merit an evidentiary hearing). As an example, in his Memorandum of Law in Support of his § 2255 Motion, Brown states, "[my attorney] 'never' at 'anytime' explained the charge of 18 U.S.C. § 924(c) to [me] during any stage of the proceedings." (Doc. #2, Pet'r's Mem. of Law in Supp. § 2255 Mot., at 5) However, in the same Memorandum Brown acknowledges that he did address that issue with his counsel. He states that he "questioned [his attorney] as to the nexus between the drugs and the gun. . ." (Id. at 3) Given the weight of the evidence contradicting Brown's claims that counsel failed to properly explain Count III, I find no support for his contention.

Brown's third argument regarding the elements of the charge, that counsel rendered ineffective assistance by failing to object when I paraphrased the statutory elements of a section 924(c)(1)(A) charge at the plea hearing, also lacks merit. At the plea hearing, I asked Brown whether "during and in relation to the conduct, [he] used or carried a firearm in furtherance of the crime." This mixed the requirements of the two alternative elements of the offenses set forth in section 924(c)(1)(A): (1) using or carrying a firearm during and in relation to the drug trafficking crime, or (2) possessing a firearm in furtherance of a drug trafficking crime. In doing so I was paraphrasing the elements of § 924(c)(1)(A) set out on pages 2-3 of the plea agreement. The indictment clearly charges him with possession of a firearm in furtherance of a drug

trafficking crime, and that is the charge to which he pleaded guilty. Moreover, to establish prejudice, Brown must show there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Brown alleges no facts indicating that he would not have pleaded guilty if counsel had objected to my paraphrasing of the statutory elements. And the circumstances of the situation—Brown's understanding of the elements of the crime and his decision to agree to them in the plea agreement—contradict his bare assertion that he would not have done so. As a result, I find this argument fails.

### B. Involuntary and Unintelligent Plea

Brown finally contends that his plea was not voluntary and intelligent as a result of the alleged ineffective assistance of his counsel. A defendant challenging a guilty plea must show the plea does not represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). Such a plea is voluntary if it is "entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel. . . ." Brady v. United States, 397 U.S. 742, 755 (1970). "[I]t must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." Id. When a defendant pleads guilty and later alleges that he did not make the plea voluntarily and intelligently, "[he] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Brown claims he did not enter into the guilty plea voluntarily and intelligently, alleging that he did not understand the elements of the charged offense and thus could not have pleaded intelligently. As noted above, Brown's claim that he did not understand the elements and nature of the § 924(c) charge is contradicted by his statements regarding and agreement to the plea agreement. The plea transcript and agreement both make clear the direct consequences of the plea. Brown acknowledged that his pleading guilty waived his right to have the United States Attorney prove all of the elements of the charges against him beyond a reasonable doubt. He also indicated that he understood the United States Attorney would drop Count IV in exchange for his agreement to plead guilty and would recommend a sentence lower than that recommended by the guidelines. As Brown does not present any evidence showing threats, misrepresentation, or improper promises which might render the plea involuntary or unintelligent, I find no grounds to support this claim for relief.

Brown further alleges that it is plain error for the District Court to allow a defendant to plead guilty to an offense when the record as a whole does not show that he committed that crime. By agreeing to plead guilty, Brown waived his right to an evidentiary hearing at which he could have contested the evidence supporting the charges against him. Doing so also waived his right to have the United States Attorney prove the elements of these charges against him beyond a reasonable doubt. As the validity of unconditional guilty pleas waiving all challenges not related to jurisdiction is well established, I find no basis on which to grant Brown relief on this ground. See United States v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998).

Although Brown's plain error contention lacks merit, I will briefly address his argument that there was insufficient evidence to support a conviction under § 924(c). Though he waived the right to have a jury determine his guilt by pleading guilty, I would still like to note that there

-11-

was sufficient evidence for a jury to convict him of this Count. Before pleading guilty, Brown admitted to his involvement in drug trafficking and ownership of the firearms seized from his grandmother's residence. In intercepted phone calls, he demonstrated his desire to obtain new guns to replace the seized weapons. Searches of his residence and locations where he distributed narcotics revealed another firearm, drug paraphernalia, and ammunition. While it is left to the jury to decide whether Brown actually possessed firearms in furtherance of a drug trafficking offense, the evidence is sufficient to allow a jury to make that finding in this case.

### C. Availability of Requested Relief

Finally, I note that the relief Brown seeks in this matter is not an appropriate remedy in this § 2255 habeas appeal. Brown requests that I dismiss Count III and reduce his sentence to sixty months for Count I. However, if Brown had been successful in this habeas petition, his relief would be limited to the withdrawal of his guilty plea. This is the case because he is alleging that ineffective assistance of counsel caused him to plead guilty to the charge, which could have been undone by allowing him to withdraw the plea. See United States v. Morrison, 449 U.S. 361, 364 (Sixth Amendment relief should be "tailored to the injury suffered from the constitutional violation"). He would then face trial on Counts I, III, and IV of the superseding indictment, but would not automatically receive a reduced sentence as he requests.

## V. REQUEST FOR EVIDENTIARY HEARING

A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless the motion and the rules and records of the case conclusively show that he is entitled to no relief. Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (citing United States v. Ledezma-Rodriguez, 423 F.3d 830, 835-36 (8th Cir. 2005)). An evidentiary hearing is unnecessary where the files and records provide all of the information that the court needs to make its decision,

which conclusively shows that movant is not entitled to relief. Rogers v. United States, 1 F.3d 697, 699 (8th Cir. 1993). Because the records conclusively show that Brown is not entitled to relief as a matter of law, I need not hold an evidentiary hearing.

## VI. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To grant such certificate, the judge must find a substantial showing of the denial of a federal constitutional right. Id. at § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Because Brown has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** Carl R. Brown's motion to vacate, set aside, or correct his sentence in federal custody pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED that** Brown's motion to amend or supplement or relate back to original claims [# 17] is **GRANTED**.

**IT IS FURTHER ORDERED that** Brown's motion for a final disposition [# 18] is **GRANTED**.

**IT IS FURTHER ORDERED that** Brown's motion to amend or supplement or relate back to original claims [# 19] is **GRANTED**.

**IT IS FURTHER ORDERED that** Brown's motion for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED that** this court will not issue a certificate of appealability, as Brown has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                              /s/ Rodney W. Sippel
                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2015