IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARL R. BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13 CV 2204 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Carl Brown moves to vacate his conviction or sentence under Federal Rule of Civil Procedure 60(b)(6). Though labeled a Rule 60(b) motion, Brown's motion only challenges the merits of the disposition of his prior habeas petition and his underlying conviction, which means it must be treated as a second or successive motion under 28 U.S.C. § 2255. Because the Eighth Circuit Court of Appeals has not authorized the filing of a second or successive section 2255 motion in this case, I will deny Brown's motion. See United States v. Lee, 792 F.3d 1021, 1023 (8th Cir. 2015); Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam).

Brown pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin (Count I) and possession of a firearm during a drug trafficking crime (Count III). Brown filed a notice of appeal, which he later withdrew. He

then filed a section 2255 motion, alleging ineffective assistance of counsel on a number of grounds, including that his attorney allowed him to plead guilty to a non-existent crime and failed to explain the nature and elements of Count III. Brown also argued that it is plain error for the district court to allow a defendant to plead guilty to an offense when the record as a whole does not show that he committed the crime. I denied Brown's section 2255 motion on the merits and declined to issue a certificate of appealability. The Eighth Circuit denied Brown's application for a certificate of appealability and dismissed his appeal.

Brown has now filed a "Rule 60(b)(6) Motion for Relief from Petitioner's 924(c) Indictment Count Based on His Actual Innocence/Sixth Amendment Violation/Double Jeopardy Claim." Rule 60(b) allows a party to seek relief from a final judgment in a limited set of circumstances, such as fraud or mistake. Brown brings his motion under Rule 60(b)(6), which permits relief for "any . . . reason that justifies relief" other than the more specific circumstances set out in Rules 60(b)(1)–(5). Brown again argues he is entitled to relief because he received ineffective assistance of counsel. He also challenges the sufficiency of the evidence supporting his conviction and the "multiplicity" of the charges in Count III of the indictment, arguing he is "factually innocent" of Count III and was subjected to double jeopardy.

Where, as here, a prisoner files a Rule 60(b) motion following the denial of a section 2255 motion, I must determine whether the motion properly asserts possible grounds for relief under Rule 60(b) or whether it is actually a second or successive section 2255 motion. A petitioner may use a Rule 60(b) motion to challenge a procedural ruling of the habeas court or a defect in the integrity of his federal habeas proceedings, but a motion attacking the merits of the denial of a claim in a prior habeas proceeding or asserting or reasserting a federal basis for relief from the underlying conviction must be treated as a second or successive section 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 530–32 (2005); Lee, 792 F.3d at 1022–23 (applying Gonzalez in a section 2255 case). If a Rule 60(b) motion amounts to a second or successive section 2255 motion, I must deny the motion unless the prisoner has obtained authorization to file it from the Eighth Circuit. See 28 U.S.C. § 2255(h); Boyd, 304 F.3d at 814.

Despite his assertion otherwise, Brown's Rule 60(b) motion must be treated as a second or successive section 2255 motion. Brown's arguments about ineffective assistance of counsel, the "multiplicity" of the charges in Count III, and the sufficiency of the evidence do not challenge the integrity of his prior habeas proceedings, but rather just reassert or reframe claims for relief from his conviction. Brown has not received authorization from the Eighth Circuit to file these claims. As a result, I will deny his motion.

Accordingly,

**IT IS HEREBY ORDERED** that Carl Brown's Rule 60(b)(6) Motion for Relief from Petitioner's 924(c) Indictment Count [29] is **DENIED**.

                                                        _____
                                                        RODNEY W. SIPPEL
                                                        UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2016.